TINKER v. WILBER EUREKA MOWER & REAPER MANUFACTUR-
ING COMPANY.

*(Circuit Court, S. D. New York.   January 20, 1880.)*

INVENTION—SPECIFICATION—DRAWING.—In a suit upon a patent a draw-
ing can be looked at, if necessary in order to explain an ambiguous or
doubtful specification, but cannot be made to supply the entire want of
any part of a specification or claim.

SAME—PATENT.—Although a patent gives an exclusive right to the pat-
ented invention for all uses to which it could be put, whether contem-
plated by the inventor or subsequently discovered, still the invention
must, in some way, be covered by the patent before such exclusive right
can be acquired.

WHEELER, J.   This suit is founded upon the second claim
of Letters Patent No. 51,364, dated December 5, 1865,
granted to John B. Tinker, for an improvement in mowing
machines.   Among other defences the defendant denies in-
fringement.   Both the orator's and the defendant's machines
are operated by direct draft, and have finger bars resting in
shoes, hinged backward to other parts at each end, which are
carried by rollers, and alternately run in the standing grass.
They are placed forward of the shoes, and roll down the stand-
ing grass in their paths, and thereby prevent tangling, which
would occur and be detrimental, if the grass should be divided
towards the bottom, for them to pass through.   One question
is whether the plaintiff's patent covers a roller so placed.   The
only part of the specification describing them, or in any way
referring to their location, after referring to the shoes, says:
"The shoes also carry rollers, 'F,' in front of the finger bar,
which run upon the ground and sustain the weight of the
finger bar."   In other parts it describes the finger bar and
cutters as arranged to do their work wholly between the driv-
ing wheels, or the courses of their tracks.   The drawing shows
the rollers, not only in front of the finger bar, but forward of
the shoes.

The second claim is for "the combination of the carrying-
rollers, 'F', with the hinged and extended shoes, 'E', arranged
and located substantially as herein described."   The arrange-

ment and location of the rollers and shoes referred to in the claim could only be placing the rollers in front of the finger bar, and the rollers and shoes within the courses of the wheels so as to carry the finger bar there, and could not have referred to placing the rollers in advance of the shoes. They were the arrangement and location therein described, and the location of the rollers in advance of the shoes was not therein described. The drawing could and should be looked at, if necessary, in order to explain an ambiguous or doubtful specification, and to make the invention capable of being understood and used. Curtis on Pat. § 262. *Hogg* v. *Emerson*, 6 How. 437. But it cannot supply an entire want of any part of a specification or claim in a suit upon a patent, although it might afford ground for a reissue covering the part shown by it. U. S. Rev. St. § 4916. That the specification was not intended to cover rollers wholly in advance of the shoes to roll down the grass in their tracks, is evident from the fact that no mention is made of that purpose, nor of doing away with a projection of the shoes ahead of the rollers, which had sometimes been used to divide the grass, nor of a broad tread to the wheels, or any other arrangement calculated to roll down the grass. These things are not referred to in any supposition that it was necessary for the inventor to specify all the uses to which his invention could be put in order to cover them, but for the purpose of ascertaining what invention was in fact specified and covered for any use. There is no doubt but that, as argued for the orator, the patent would give an exclusive right to the patented invention for all uses to which it could be put, whether contemplated by the inventor, or discovered by himself or others afterwards. *Roberts* v. *Ryer*, 91 U. S. 150. But the invention must in some way be covered by the patent before he can acquire an exclusive right to it for any purpose.

Although Tinker constructed rollers in advance of the shoes so they would roll down the grass, and without anything before them that would divide the grass and prevent it being rolled, he does not appear to have apprehended what their utility would be in preventing tangling of the grass over the

parts of the machine next to the grass left uncut to their hindrance, nor to have obtained a patent for that device. The use of such rollers is what the orator complains of, but the patent she owns does not appear to cover them, therefore the defendant does not appear to infringe her patent as it was granted. Decree dismissing bill.